| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>150 Broadway, Suite 808<br>New York, NY 10038<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RISHON BLISS,**<br><br>                                        **Plaintiff,**<br>v.<br><br>**THE CITY OF NEW YORK, NYPD Detective Thomas Wright (Tax ID #929384), NYPD Sergeant Afzal Ali (Shield No. 3872), NYPD Detective Felix Ortiz (Shield No. 6218),**<br><br>                                        **Defendants.** | **Amended Complaint**<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.:14-cv-4247 (JBW)(JO) |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York, NYPD Detective Thomas Wright, NYPD Sergeant Afzal Ali and NYPD Detective Felix Ortiz alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for NYPD Sergeant Afzal Ali and NYPD Detective Felix Ortiz's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Rishon Bliss ("Plaintiff" or "Mr. Bliss") is a thirty five (35) year old African American man who resides in the County of Kings, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendant NYPD Detective Thomas Wright is a member of the New York City Police Department ("NYPD") who was so employed on May 21, 2014. NYPD Officer Thomas Wright was acting under color of state law and in his capacity as a member of the NYPD at all relevant times. Defendant NYPD Detective Thomas Wright is sued in both his individual and official capacity.

8. Defendant NYPD Sergeant Afzal Ali is a member of the New York City Police Department ("NYPD") who was so employed on May 21, 2014. NYPD Sergeant Afzal Ali was acting under color of state law and in his capacity as a member of the NYPD at

all relevant times. Defendant NYPD Sergeant Afzal Ali is sued in both his individual and official capacity.

9. Defendant NYPD Detective Felix Ortiz is a member of the New York City Police Department ("NYPD") who was so employed on May 21, 2014. NYPD Detective Felix Ortiz was acting under color of state law and in his capacity as a member of the NYPD at all relevant times. Defendant NYPD Detective Felix Ortiz is sued in both his individual and official capacity.

## STATEMENT OF FACTS

10. The Incident which is the subject of the instant Complaint took place in the mid-afternoon of May 21, 2014, at or about 4PM and in the vicinity of Pitkin Avenue and Mother Gaston Blvd.

11. At the above mentioned time and place, Plaintiff had just left a Family Dollar store where he had purchased some items.

12. At the above mentioned time and place, and once Plaintiff exited the Family Dollar, NYPD Detective Thomas Wright grabbed Plaintiff, threw him against the wall and kicked his legs to cause Plaintiff's legs to be spread apart, all of which caused Plaintiff great pain and discomfort.

13. Thereafter, NYPD Detective Thomas Wright engaged in an impermissible search of Plaintiff's person, reaching into Plaintiff's pockets.

14. Plaintiff had no weapons or contraband on his person.

15. NYPD Detective Thomas Wrights' impermissible search of Plaintiff produced Plaintiff's cell phone, keys and seven hundred twenty seven ($727.00) dollars in cash, as Plaintiff had just come from the bank.

16. NYPD Detective Thomas Wright explained to Plaintiff, "You have a lot of money on you," and NYPD Detective Thomas Wright also told Plaintiff that Plaintiff had drugs on his person, although NYPD Detective Thomas Wrights' impermissible search of Plaintiff did not produce any drugs.

17. Plaintiff was arrested, placed in a van and transported to the 73rd Precinct for processing where he spent approximately six (6) hours.

18. At the precinct, Plaintiff learned that only three hundred thirty seven ($337.00) dollars of the seven hundred twenty seven ($727.00) dollars NYPD Officer Thomas Wright had confiscated had been vouchered. *See **Exhibit A***.

19. Although Plaintiff voiced concern about the three hundred ninety ($390.00) dollars that was unaccounted for, nothing was done.

20. Next, Plaintiff was transported to Brooklyn Central Booking to await arraignment.

21. After spending about ten (10) hours in Brooklyn Central Booking, an NYPD Officer informed Plaintiff that, "his case was being DP'd (decline to prosecute)," and Plaintiff was led out of Central Booking without ever seeing a judge.

22. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, suffered physical pain and pecuniary loss in the amount of three hundred ninety ($390.00) dollars – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. NYPD Detective Thomas Wright violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

26. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, pain, anxiety, humiliation, embarrassment, degradation, suffered physical pain and pecuniary loss in the amount of three hundred ninety ($390.00) dollars – all to his detriment.

## SECOND CLAIM
*False Arrest*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. NYPD Detective Thomas Wright violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

29. Plaintiff was aware of his confinement and he did not consent to it.

30. The confinement was not otherwise privileged.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. NYPD Sergeant Afzal Ali and NYPD Detective Felix Ortiz were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

34. Accordingly, NYPD Sergeant Afzal Ali and NYPD Detective Felix Ortiz who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. NYPD Detective Thomas Wright violated the Fourth and Fourteenth Amendments when he used excessive force in the way he treated Plaintiff, in that physically throwing Plaintiff into a concrete wall and kicking Plaintiff was objectively unreasonable, especially in light of the fact that Plaintiff had no weapons or contraband on his person.

38. Due to the manner in which NYPD Detective Thomas Wright manhandled Plaintiff, Plaintiff suffered physical pain and fear.

39. As a direct and proximate result of the aforementioned conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
*MONELL CLAIM*

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

42. The acts complained of were carried out by the aforementioned defendant in his official capacity as a police officer and official pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

43. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

44. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

45. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to

intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

46. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

47. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

48. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

49. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

50. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

51. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, suffered physical pain and pecuniary loss in the amount of three hundred ninety ($390.00) dollars – all to his detriment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

9

    d.  Such other relief as this Court shall deem just and proper.


Dated: November 15, 2014
       New York, NY

                                       **s/Michael J. Redenburg\_\_\_\_\_**
                                       Michael J. Redenburg (NY #MR4662)
                                       MICHAEL J. REDENBURG, ESQ. PC
                                       150 Broadway, Suite 808
                                       New York, NY 10038
                                       mredenburg@mjrlaw-ny.com
                                       1-212-240-9465 (Phone)
                                       1-917-591-1667 (Fax)